UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER PARAHAM, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LCT OPCO LLC, *dba* LA COLOMBE,<br><br>Defendants. | Complaint - Class Action<br><br>Jury Trial Demanded<br><br>Civil Case No.: 2:24-cv-03148-HB |

**<u>CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT</u>**

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

This Class and Collective Action Settlement Agreement (the "Agreement") is entered into by and between Plaintiff Christopher Paraham ("Named Plaintiff"), individually and on behalf of all members of the Settlement Class (as defined below), on the one hand, and Defendant LCT OpCo LLC, doing business as La Colombe ("Defendant"), on the other hand (collectively, the "Parties"), to fully and finally resolve all claims and disputes that were or could have been asserted in the lawsuit filed by Named Plaintiff in the United States District Court for the Eastern District of Pennsylvania, captioned *Paraham v. LCT OpCo LLC*, Case No. 2:24-cv-03148-HB (the "Litigation").

## RECITALS

WHEREAS,  Named Plaintiff filed a Complaint in this Litigation, individually and on behalf of all others similarly situated, alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq. ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq. ("WPCL"), by failing to pay hourly-paid production workers for all hours worked, including compensable time spent performing pre-shift and other off-the-clock activities, and by failing to properly calculate and pay overtime compensation at the legally required rate; *see* ECF No. 15 (First Amended Complaint);

WHEREAS, Named Plaintiff has sought the recovery of, among other things, regular wages, overtime wages, compensatory damages, liquidated damages, attorneys' fees, and costs;

WHEREAS, Defendant denies and continues to deny all of the allegations made by Named Plaintiff, and denies and continues to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action alleged, or that any claims asserted by Named Plaintiff may proceed on a class or collective action basis. Nonetheless, without admitting or

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

conceding any arguments, issues, liability, or damages whatsoever, including that any claims alleged may proceed on a class or collective action basis, Defendant has agreed to settle the claims on the terms and conditions set forth in this Agreement to avoid the burden and expense of continuing to defend against litigation;

WHEREAS, Class Counsel (as defined below) has interviewed Named Plaintiff and other members of the Settlement Class, and has reviewed and analyzed documents and data produced by Defendant;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendant, and the impact of this Agreement on Named Plaintiff and the Settlement Class;

WHEREAS, based upon their analysis and evaluation of a number of factors, and recognizing the risks of litigation with respect to certain claims, including the possibility that any litigation might result in a recovery that is less favorable to the Settlement Class, and may not occur for several years, or at all, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Settlement Class;

WHEREAS, the Parties recognize that the outcome in the Litigation is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS, the Parties desire to settle fully and finally the differences between them and have agreed to settle this case as to Named Plaintiff as well as all individuals comprising the Settlement Class, as defined below; and

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

WHEREAS, the Parties agree to undertake their best efforts, including all steps and efforts that may become necessary by order of the Court, to effectuate the terms and purposes of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree, subject to approval of the Court, as follows:

## <u>AGREEMENT</u>

### I.    DEFINITIONS

A.    **"Agreement."** "Agreement" means this agreement, *i.e.*, the Class and Collective Action Settlement Agreement, together with all of its attachments and exhibits, which the Parties understand and agree sets forth all material terms and conditions of the settlement between them, and which is subject to Court approval. It is understood and agreed that the obligations of the Defendant for payment under this Agreement are conditioned on, *inter alia*, the occurrence of the Effective Date.

B.    **"Claim Form."** "Claim Form" shall mean the form provided FLSA Collective members, other than Plaintiffs and Opt-In Plaintiffs, to submit in order to obtain their Individual Settlement Amount pursuant to this Agreement. The Claim Form shall be in the form attached as Exhibit C to this Agreement.

C.    **"Claim Form Deadline."** "Claim Form Deadline" shall mean the date that is sixty (60) days after the Settlement Administrator first mails the Claim Forms to FLSA Collective members pursuant to Section IV.B.3 of this Agreement. If the Settlement Administrator re-mails the Claim Form to any individual pursuant to Section IV.B.3 of this Agreement because the first mailing was returned as undeliverable, the Claim Form Deadline for such individuals shall be the

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

later of (a) sixty (60) days from the original mailing to all FLSA Collective members, or (b) twenty (20) days after the re-mailing. If the Claim Form Deadline falls on a Sunday or holiday, the deadline to return Claim Forms will be the next business day that is not a Sunday or holiday.

D.    **"Claimant."**  "Claimant" shall mean any FLSA Collective Member who timely submits a valid and complete Claim Form on or before the Claim Form Deadline in accordance with Paragraph IV.B.3 of this Agreement, any member of the Pennsylvania Wage Law Class who does not opt out in the manner prescribed in Paragraph IV.B.4 of this agreement, and the Named Plaintiff and Opt-in Plaintiffs, who do not need to submit a Claim Form in order to become a Claimant.

E.    **"Class Counsel" or "Plaintiffs' Counsel."** "Class Counsel" or "Plaintiffs' Counsel" means Jason T. Brown and Nicholas Conlon of Brown, LLC.

F.    **"Class Employees."** "Class Employees" means the combined group of individuals in the Pennsylvania Wage Law Class and the FLSA Collective.

G.    **"Class Member" or "Settlement Class."** "Class Member" or "Settlement Class" means Named Plaintiff, Pennsylvania Wage Law Class members who do not opt out in the manner prescribed in Paragraph IV.B.4 of this agreement, and all Claimants, and thus means all individuals who will become bound by the Released State Law Claims and Released Federal Law Claims portion of the Judgment if the Effective Date occurs.

H.    **"Class Representative."** "Class Representative" means Named Plaintiff Christopher Paraham.

I.    **"Complaint."** "Complaint" means the Class and Collective Action Complaint filed by Named Plaintiff Christopher Paraham on July 18, 2024, and the First Amended Complaint filed on April 1, 2025, in the Litigation. See ECF Nos. 1 and 15.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

J.      **"Counsel for Defendant" or "Defense Counsel."** "Counsel for Defendant" or "Defense Counsel" means Daniel F. Thornton and Stephanie J. Peet of Jackson Lewis P.C.

K.      **"Court."** "Court" refers to the Court having jurisdiction over the Litigation, at any stage; presently the U.S. District Court for the Eastern District of Pennsylvania.

L.      **"Effective Date."** "Effective Date" means the date on which the Judgment becomes a Final Judgment.

M.      **"Employer Payroll Taxes."** "Employer Payroll Taxes" means the employer's share of taxes and withholdings an employer is required to make arising out of or based upon the payment of employment/wage compensation in this Litigation, including FICA, FUTA, and SUTA obligations.

N.      **"Final Approval."** "Final Approval" means the date the Court enters an Order finally approving the Settlement and dismissing the Litigation against the Defendant with prejudice, while still retaining continuing jurisdiction over the administration of the settlement.

O.      **"Final Approval Order."** "Final Approval Order" means an order that finally and unconditionally grants final approval of the Agreement, grants final certification of the Settlement Class for settlement purposes only, authorizes payments to Named Plaintiff and the Settlement Class as provided in this Agreement, and fully and finally extinguishes (i) the Released State Law Claims of the Settlement Class; and (ii) the Released Federal Law Claims of the Settlement Class. The Parties shall submit a draft order, entitled "Order Granting Final Approval of Class Settlement," substantially in the form attached hereto as Exhibit D, for the Court's review and approval.

P.      **"Final Judgment."** "Final Judgment" means fifteen (15) days after the latest of: (i) the date of final affirmance on an appeal of the Judgment, or the expiration of time for a petition

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

for a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.

Q.    **"Final Settlement Approval Hearing."** "Final Settlement Approval Hearing" means a hearing set by the Court to take place at least one hundred and twenty (120) days from the date of the entry of the Preliminary Approval Order, for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Agreement terms and associated settlement pursuant to class action procedures and requirements; (ii) approving Class Counsel's attorneys' fees and costs; (iii) approving the payment of the Service Payments; and (iv) entering Judgment.

R.    **"FLSA Collective."** "FLSA Collective" means all persons employed by Defendant or its predecessor, La Colombe TorrefactionInc., as hourly-paid production workers in Pennsylvania or Michigan at any time between July 18, 2021, and October 13, 2024. FLSA Collective Members include persons in the Pennsylvania Wage Law Class.

S.    **"FLSA Collective Fund."** "FLSA Collective Fund" means sixty-seven and 22/100 percent (67.22%) of the Net Settlement Amount, which shall be allocated amongst members of the FLSA Collective in accordance with Paragraph III.A.1.

T.    **"Judgment."** "Judgment" means the judgment to be rendered by the Court pursuant to this Agreement.

U.    **"Maximum Settlement Fund."** "Maximum Settlement Fund" means $450,000.00, which is the maximum amount that Defendant have agreed to pay to fully resolve and settle this Litigation, including any claim for attorneys' fees and costs approved by the Court;

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

the employee share of payroll taxes and all other applicable taxes other than Employer Payroll Taxes; any and all amounts to be paid to Class Members; the Settlement Administration Costs; and the Service Payment. Defendant will not be required to pay under this Agreement any more than the gross total of $450,000.00, except for the Employer Payroll Taxes, which Defendant shall pay independent of and in addition to the Maximum Settlement Fund.

V.    **"Named Plaintiff."** "Named Plaintiff" means Christopher Paraham.

W.    **"Net Settlement Amount."** "Net Settlement Amount" means the Settlement Amount less Class Counsel's attorneys' fees and costs, the Service Payment, and the Settlement Administration Costs.

X.    **"Objection Deadline."** "Objection Deadline" refers to the date thirty (30) days prior to the Final Settlement Approval Hearing.

Y.    **"Opt-In Plaintiffs."** "Opt-In Plaintiffs" refers to all individuals who filed a Consent to Join form in the Litigation and who will become bound by the Released Federal Law Claims portion of the Judgment if the Effective Date occurs.

Z.    **"Participating Collective Member."** **"**Participating Collective Member" means the Named Plaintiff and Opt-in Plaintiff(s) and any FLSA Collective member who submits a Claim Form and thus becomes bound by both the Released State Law Claims and the Released Federal Law Claims portions of the Judgment if the Effective Date occurs.

AA.    **"Participating Class Member."** **"**Participating Class Member" means any member of the Pennsylvania Wage Law Class who does not opt out in the manner prescribed in Paragraph IV.B.4 of this agreement.

BB.    **"Parties."** "Parties" shall refer to the Named Plaintiff and the Defendant.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

CC.    **"Preliminary Approval."** "Preliminary Approval" means the date on which the Court preliminarily approves the terms of the Parties' Agreement and certifies a class action for settlement purposes only, as provided in Paragraph IV.A.

DD.    **"Preliminary Approval Order."** "Preliminary Approval Order" means an order to be executed and filed by the Court preliminarily approving the terms contained in this Agreement and certifying a class action for settlement purposes only as provided in Paragraph IV.A. The Parties shall submit a draft order, entitled "Order Granting Preliminary Approval of Class Action Settlement," substantially in the form attached hereto as Exhibit B, for the Court's review and approval.

EE.    **"Proposed Settlement Notices."** "Proposed Settlement Notices" means the notices regarding the proposed settlement that will be distributed to Class Employees after the Court grants Preliminary Approval. Two separate versions of the notice will be used:

1.    FLSA-Only Notice: Sent to individuals who are members of the FLSA Collective but did not work in Pennsylvania during the Covered Period and are not members of the Pennsylvania Wage Law Class. This notice will describe the opt-in process under the FLSA and include a Claim Form.

2.    Dual-Fund Notice: Sent to individuals who are members of both the FLSA Collective and the Pennsylvania Wage Law Class. This notice will describe both the opt-in process under the FLSA and the opt-out/objection rights associated with the Rule 23 class settlement.

The notices will be substantially in the forms attached to this Agreement as Exhibits A-1 (FLSA-Only) and A-2 (Dual-Fund).

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

FF.    **"Pennsylvania Wage Law Class."** "Pennsylvania Wage Law Class" means all persons employed by Defendant or its predecessor, La Colombe TorrefactionInc., as hourly-paid production workers in Pennsylvania at any time from July 18, 2021 through October 13, 2024.

GG.    **"Pennsylvania Wage Law Class Fund."** "Pennsylvania Wage Law Class Fund" means thirty-two and 78/100  percent (32.78%) of the Net Settlement Amount, which shall be allocated, in accordance with Paragraph III.A.1, amongst Participating Class Members.

HH.    **"Released State Law Claims."** "Released State Law Claims" means the released claims identified in Paragraph III.E.1.

II.    **"Released Federal Law Claims."** "Released Federal Law Claims" means the released claims identified in Paragraph III.E.2.

JJ.    **"Released Parties."** "Released Parties" means the Defendant and their present and former affiliates, divisions, members, joint venture partners, subsidiaries, parents, predecessors, any merged entity or merged entities or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives or principals thereof, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity that could be jointly liable with any of them.

KK.    **"Service Payments."** "Service Payments" means the amounts approved by the Court to be paid to Named Plaintiff as described in Paragraph III.C, in addition to their Settlement Checks as Class Members, in recognition of their efforts in coming forward as Named Plaintiff, assisting in the prosecution of the Litigation, or otherwise benefiting the Settlement Class.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

LL.    **"Settlement Administrator."** "Settlement Administrator" refers to ILYM Group, Inc., the settlement administrator selected by the Parties.

MM.    **"Settlement Administration Costs."** "Settlement Administration Costs" means the fees and costs incurred by the Settlement Administrator in administering the settlement as described in this Agreement.

NN.    **"Settlement Checks."** "Settlement Checks" means the checks issued to Class Members for their share of the Net Settlement Fund calculated in accordance with this Agreement.

OO.    **"Defendant."** "Defendant" means LCT OpCo LLC.

PP.    **"Unclaimed Funds."** "Unclaimed Funds" shall mean the aggregate amount of the amount offered to any Class Member not claimed by in a timely and valid manner pursuant to Sections IV.B.3 or IV.B.5 of this Agreement, and not otherwise accepted pursuant to Section IV.C of this Agreement.

## II.    CERTIFICATION OF THE CLASS AND COLLECTIVE FOR PURPOSES OF SETTLEMENT ONLY

A.    The Parties stipulate for settlement purposes only that the requirements for collective certification under 29 U.S.C. § 216(b) are met with respect to the members of the FLSA Collective, and that the requirements for class certification under Fed. R. Civ. P. 23(b)(3) are met with respect to the Pennsylvania Wage Law Class, provided however that the stipulations in this Paragraph are made solely for purposes of this Agreement. The Parties agree that the stipulations and the terms of this Agreement are in no way an admission that class or collective action certification, including conditional collective action certification, was proper in this Litigation, and neither the existence nor the terms of this Agreement or the stipulations will be admissible in this or any other action or proceeding as evidence that (i) a determination or admission that any group of similarly situated employees exists to maintain a class action under Rule 23 of the Federal Rules

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

of Civil Procedure (or comparable state laws or rules) or collective action under the FLSA; (ii) an

adjudication of the merits of the Litigation; (iii) Defendant are liable to Named Plaintiff, Class

Employees, or the Settlement Class; or (iv) an adjudication of any other matters released in this

Agreement.

## III.    PAYMENTS, SETTLEMENT FUND AND ALLOCATION

A.    <u>Allocation of the Net Settlement Amount</u>: The Net Settlement Amount shall be

allocated between the FLSA Collective Fund and the Pennsylvania Wage Law Class Fund, and

distributed to Participating Collective Members and Participating Class Members, respectively, as

follows:

1.    **FLSA Collective Fund Allocation**: Each Participating Collective Member

shall receive a proportionate share of the FLSA Collective Fund based on their estimated

individual damages relative to the total estimated damages for all members of the FLSA Collective

during the period of July 18, 2021, and October 13, 2024, as calculated using the claims asserted

in the operative complaint. These shares are based on factors including the number of workweeks,

pay rate, additional compensation received, and location, and are intended to reflect each

member's potential recovery under the claims asserted. The specific dollar amount allocated to

each Participating Collective Member is listed in Exhibit F to this Agreement, and is the sum of

the amounts listed in the two columns labelled "FLSA Fund.". In the event that the Net Settlement

Amount increases due to a reduction in attorneys' fees, litigation costs, service payments, or

administration costs, each Participating Collective Member's share shall be increased on a pro rata

basis.

2.    **Pennsylvania Wage Law Class Fund Allocation**: Each Participating

Class Member shall receive a proportionate share of the Pennsylvania Wage Law Class Fund based

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

on their estimated individual damages relative to the total estimated damages for all Participating Class Members during the period of July 18, 2021, and October 13, 2024, as calculated using the claims asserted in the operative complaint. These shares are based on factors including workweeks, pay rate, and additional compensation received, and are intended to reflect each member's potential recovery under the claims asserted. The specific dollar amount allocated to each Participating Class Member is listed in Exhibit F to this Agreement, and is the sum of the amounts listed in the two columns labelled "PA Fund." In the event that the Net Settlement Amount increases due to a reduction in attorneys' fees, litigation costs, service payments, or administration costs, each Participating Class Member's share shall be increased on a pro rata basis.

        3.     Each Class Member who is a Participating Collective Member shall receive their share of the FLSA Collective Fund, and each Class Member who is a Participating Class Member shall receive their share of the Pennsylvania Wage Law Class Fund. The Settlement Check for any individual who qualifies for both funds shall reflect the combined total of both shares.

        B.     <u>Participation in Settlement by Class Employees</u>

        1.     Pennsylvania Wage Law Class members who do not opt out in the manner prescribed in Paragraph IV.B.4 of this Agreement may object to the Agreement by submitting written objections to the Court by mailing their signed, written objection so that they are received by the Settlement Administrator and are postmarked no later than the Objection Deadline. The written objections must contain the name, address, and telephone number of the Class Employee and a reference to the Litigation to be valid. Any objections must be timely submitted as required in this Paragraph or else they will be waived. The Proposed Settlement Notice shall advise Class

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

Employees of this option. The Settlement Administrator shall immediately provide copies of any such objections to Class Counsel and Counsel for Defendant.

       2.    FLSA Collective members who submit a Claim Form on or before the Claim Form Deadline will become Participating Collective Members and shall be deemed to have waived the Released Federal Law Claims against the Released Parties.

       C.    <u>Service Payments to Named Plaintiff.</u> The Service Payment to Named Plaintiff Christopher Paraham shall not exceed the total amount of $10,000. The Service Payments are being sought in recognition of Named Plaintiff's efforts to pursue the claims raised in this Litigation on behalf of the Settlement Class, including assisting Class Counsel with the prosecution of this Litigation and being deposed, and in return for their full and complete release of all claims in Section III.E.

       Defendant will not oppose Named Plaintiff's request for the Service Payments. In the event that the Court does not approve the amount of the Service Payments to the Named Plaintiff, the settlement will proceed. This Agreement is not contingent upon the Court's approval of the request for the Service Payments in any amount. This Agreement will be modified to reflect any amount that is approved by the Court. Any amounts allocated as the Service Payments for Named Plaintiff or under this Agreement, but not approved by the Court, shall be added to the Net Settlement Amount.

       D.    <u>Payment of Attorneys' Fees and Costs.</u> Class Counsel will apply to the Court for approval of attorneys' fees not to exceed one third (1/3) of the Maximum Settlement Fund, or $150,000.00, and costs and expenses not to exceed $6,000.00. Defendant will not oppose such application. In the event that the Court does not approve the amount of the requested attorneys' fees or costs, the settlement will proceed. This Agreement is not contingent upon the Court's

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

approval of the requested attorneys' fees or costs in any amount and will be modified to reflect the amount(s) approved by the Court. Any amounts allocated as attorney's fees or costs under this Agreement, but not approved by the Court, shall be added to the Net Settlement Amount.

E.    <u>Release of Claims</u>.

1.    **Release of State and Local Claims.**  Upon the entry of the Final Order and Judgment, each Participating Collective Member and Participating Class Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys, shall fully release and discharge the Released Parties from any and all state and local law wage and hour claims that were asserted or that could have been asserted in the operative complaint based on the facts alleged therein, including but not limited to, any and all wage and hour claims under Pennsylvania Law and any other state and local law that accrued or accrue prior to Final Approval, including claims under any legal theory for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to provide meal and rest periods, failure to timely pay final wages, failure to reimburse for business expenses, or failure to furnish accurate wage statements or other notices, failure to keep accurate records, and any and all claims for recovery of compensation, overtime pay, minimum wage, premium pay, interest, liquidated damages, punitive damages or penalties.

2.    **Release of Federal Law Claims.**  In addition to the release provisions of Section III.E.1 above, each Participating Collective Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys, shall fully release and discharge the Released Parties from any and all federal law wage and hour claims that were asserted or that could have been asserted in the operative complaint based on the facts alleged therein, including but not limited to claims under 29 U.S.C.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

§ 206, 207, 211(c) and 215(a), including liquidated damages, through the date of the Final Approval Order, and claims under any legal theory for failure to pay minimum wage; failure to pay overtime; failure to pay for all hours worked; failure to provide meal and rest periods; failure to timely pay final wages; failure to reimburse for business expenses; failure to furnish accurate wage statements or other notices; failure to keep accurate records; and any and all claims for recovery of compensation, overtime pay, minimum wage, premium pay, interest, liquidated damages, punitive damages or penalties, claims under the Employee Retirement Income Security Act ("ERISA") that are related or derivative of the claims released in this Paragraph III.E.2.

3.    A Participating Collective Member's waiver of their claims under the FLSA shall be effective upon the date the Settlement Administrator mails the settlement check.

4.    **General Release of Claims by Named Plaintiff.** In addition, to the maximum extent permitted by law and in exchange for receiving an Service Payments, the Named Plaintiff generally release the Released Parties from any and all claims, actions, causes of action, lawsuits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever, whether in law or equity, known or unknown, which against the Released Parties Named Plaintiff and their heirs, executors, administrators, successors, and assigns, ever had, may now have, or hereafter later determine that they have or had upon, or by reason of, any cause or thing whatsoever, including, but not limited to relating to their employment, including, but not limited to, claims arising under the Americans With Disabilities Act, the National Labor Relations Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., including but not limited to, breach of fiduciary duty and equitable claims to be brought under §1132(a)(3) ("ERISA"), the Worker Adjustment and

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

Retraining Notification Act, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Civil Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, or any other federal, state or local human rights, civil rights, wage-hour, pension or labor law, rule, statute, regulation, constitution or ordinance or public policy, contract or tort law, or any claim of retaliation under such laws, or any claim of breach of any contract (whether express, oral, written or implied from any source), or any claim of intentional or negligent infliction of emotional distress, tortious interference with contractual relations, wrongful or abusive or constructive discharge, defamation, prima facie tort, fraud, negligence, loss of consortium, malpractice, breach of duty of care, breach of fiduciary duty or any action similar thereto against the Defendant or the Released Parties, including any claim for attorneys' fees, expenses or costs based upon any conduct from the beginning of the world up to and including the date that the Name Plaintiff executes this General Release; provided, however, that Named Plaintiff do not waive any rights to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), subject to the condition that they agree not to seek, or in any way obtain or accept, any monetary award, recovery or settlement therefrom; and further provided, however, that Named Plaintiff do not release any claim for breach of the terms of the Agreement.

     5.  This Settlement is intended to include in its effect all claims identified in this Section III.E, including claims that Named Plaintiff does not know or suspect to exist in his or her favor against the Defendant or the Released Parties at the time of the release.

     6.  Named Plaintiff further covenant that, in exchange for receiving a Service Award, he will not participate or opt in to any other legal actions against the Released Parties relating to claims released by this Agreement; will withdraw any opt-in; will dismiss the action or

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

himself from the action in actions where he is a claimant, plaintiff or appellant; and will opt-out of those actions if he becomes aware of such actions.

## IV.    THE SETTLEMENT PROCESS

A.    <u>Court Approval of Settlement and Dismissal of Case.</u> As soon as practicable and without undue delay, Plaintiffs will seek the Court's Preliminary Approval of the terms of this Agreement (which the Defendant will not oppose) and, upon Final Approval, Plaintiffs will seek the Court's dismissal of the Litigation with prejudice, on the condition that the Court retain jurisdiction to administer and enforce the terms of this Agreement, to the extent allowed by law.

1.    A condition precedent to this Agreement is the Court's approval of the Preliminary Approval Order attached as Exhibit B, without any changes by the Court to the Preliminary Approval Order that the Defendant reasonably and in good faith deem material.

2.    The Parties shall provide to the Court for review and approval this Agreement, with exhibits, including (a) the proposed Preliminary Approval Order in substantially the form attached as Exhibit B, (b) the Proposed Settlement Notice, attached as Exhibit A; and such other information as the Court may request.

3.    The Parties shall cooperate and take all necessary steps to effectuate judicial approval of the Agreement. Should the Court not approve the Agreement, or should the Court not approve and enter the Preliminary Approval Order in the form attached as Exhibit B (or in a form without any changes by the Court that the Defendant deem material), the terms of this Agreement will be null and void, the Parties will retain all rights and defenses in the Litigation, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Litigation will be inadmissible. In such an event, the Parties agree in good faith to negotiate about appropriate revisions and re-submit for the Court's approval. In the event this

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

settlement is never approved by the Court, the Parties will retain all rights and defenses in the Litigation, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Litigation will be inadmissible.

        4.     Within ten (10) days following the filing of this Agreement with the Court, Defendant shall serve upon the Office of the Comptroller of the Currency of the United States and the appropriate State official of each State in which any member of Pennsylvania Wage Law Class resides, as determined by Defendant's records, a notice of the proposed settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"). A sample of the CAFA Notice is attached to this Agreement as Exhibit E.

        5.     <u>Final Approval</u>. At least one hundred and twenty (120) days after entry of the Preliminary Approval Order, the Court shall set the Final Settlement Approval Hearing. At least fourteen (14) days prior to the Final Settlement Approval Hearing, Plaintiffs will move the Court for entry of the Final Approval Order and the associated Judgment (which the Defendant will not oppose). The Parties shall make all reasonable efforts to secure entry of the Final Approval Order and the associated Judgment. If the Court rejects their request, fails to enter the Final Approval Order, or fails to enter the Judgment, this Agreement shall be void *ab initio*, and Defendant shall have no obligations to make any payments under the Agreement, except for costs already incurred by the Settlement Administrator, which shall be borne equally by, on one hand, Class Counsel and Named Plaintiff, and the Defendant, on the other. At the time the motion is filed requesting Final Approval, Named Plaintiff and Class Counsel also shall make an application for attorneys' fees and costs and the Service Payments. Notwithstanding any order entered on Named Plaintiff's and Class Counsel's application for awards to them, under no circumstance shall Defendant be required to pay any such awards absent occurrence of the Effective Date.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

B.      <u>Settlement Administration.</u> If the Court grants Preliminary Approval of this Agreement, the parties will use Apex Class Action LLC (or any other mutually-agreed settlement administrator) to administer the settlement.  Reasonable fees and expenses of the Settlement Administrator shall be paid from Maximum Settlement Fund.  In no circumstances will any administration of the settlement, including issuance of the Proposed Settlement Notice, occur unless and until the Court grants Preliminary Approval as set forth in Paragraph IV.A. The Parties agree to the following procedure for administration of the settlement:

1.      <u>Collection and Validation of Contact and Payroll Information.</u>

a.      Within thirty (30) days of Preliminary Approval, Defendant shall provide the names and addresses ("Contact Information") and payroll or other data needed for purposes of allocating the Net Settlement Amount or issuing the Settlement Checks ("Payroll Information") of Class Employees to the Settlement Administrator. Any and all information, including Social Security Numbers, provided by Defendant or Class Counsel shall be held in confidence and shall be used solely for purposes of effectuating this Agreement. This information shall not be disclosed to Named Plaintiff, Opt-In Plaintiffs or Class Employees.

b.      Upon receipt of the Contact Information, the Settlement Administrator shall make reasonable efforts to obtain valid, current addresses for Class Employees, including validating Contact Information through the national change of address database or other third party change of address databases prior to sending the Proposed Settlement Notice and thereafter as needed.

2.      <u>Establishment and Funding of the QSF.</u>

a.      If the Court grants Preliminary Approval of this Agreement, the Settlement Administrator shall establish a QSF pursuant to 26 C.F.R. § 1.468B-1 for the purposes

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

of administering the Settlement on or before the Effective Date. The Parties shall provide the Settlement Administrator with all necessary cooperation for the creation of the QSF, including but not limited to the execution of all necessary documents.

b.      Defendant shall fund the QSF with the Maximum Settlement Fund, minus the amount of Unclaimed Funds within fourteen (14) days of the Effective Date.

3.      <u>Class Notice and Class Employee Claim Forms.</u>

a.      The Settlement Administrator will calculate the final amounts due to each Claimant as the Settlement Check and issue checks payable to said Claimant.

b.      **Class Notice for Class Employees.** Within fourteen (14) days of receiving the Contact Information and Payroll Information, the Settlement Administrator shall mail, via First Class U.S. mail, postage prepaid, the applicable version of the Proposed Settlement Notice to each Class Employee based on their classification.

(i)      Individuals who are members of the FLSA Collective but not the Pennsylvania Wage Law Class shall receive the FLSA-Only Notice (Exhibit A-1);

(ii)      Individuals who are members of both the FLSA Collective and the Pennsylvania Wage Law Class shall receive the Dual-Fund Notice (Exhibit A-2).

At that time, the Settlement Administrator shall also email the applicable version of the notice to all Class Employees for whom Defendant has a home email address, and include a link to the case website where the notice and Claim Form may be accessed and submitted electronically.

c.      **Claim Forms for Class Employees.** Notices mailed to Class Employees shall include a Claim Form.  The mailed Notices and Claim Forms addressed to Class Employees shall also include a postage prepaid return envelope, using each Class Employee's last known address as provided by the Defendant and as updated by Class Counsel or the Settlement Administrator.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

       d.     The Settlement Administrator shall give the Parties two (2) business days' notice before the Notices and Claim Forms are sent out.  The Notices and Claim Forms shall inform all Class Employees of their rights under this Agreement, describe the formula used to calculate individual settlement payments, and provide instructions for contacting the Settlement Administrator with questions regarding estimated payment amounts.  The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Class Employee for whom the Notice is returned by the post office as undeliverable and shall attempt re-mailings as described below.  Defendant's Counsel and Class Counsel have the right to make inquiries and receive any information from the Settlement Administrator as is necessary to the administration of this Settlement.

       e.     If any Notices and Claim Forms are returned as undeliverable, the Settlement Administrator shall forward them to any forwarding addresses provided by the U.S. Postal Service.  If no such forwarding address is provided, the Settlement Administrator shall perform skip traces for everyone on the undeliverable list using the Class Employee's social security number to attempt to obtain the most recent addresses for these Class Employees.  The Settlement Administrator shall, within ten (10) days after the first mailing of Notice, notify Class Counsel and Defendant's Counsel of the precise date of the end of the period to opt-out and the Claim Form Deadline.

       f.     The Settlement Administrator shall notify Class Employees who submit deficient Claim Forms ("Deficient Claimant(s)") of the deficiency within five (5) business days of receipt.  Deficient Claimants will have fourteen (14) days thereafter to cure said deficiencies.  Deficiencies that are not cured within fourteen (14) days shall render the Deficient Claimant's claim waived, unless the deficiency is excused and the Claim Form accepted in

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

accordance with Section IV.C.  Deficient Claimants whose claims are waived will still be bound by the releases in this settlement.

g.      Except for Claim Forms accepted in accordance with Section IV.C, each FLSA Collective must submit their completed Claim Form by U.S. Mail or email to the Settlement Administrator, or electronically through the case website established by the Settlement Administrator, no later than the Claim Form Deadline in order to be eligible for their Settlement Checks representing their shares of the FLSA Collective Fund.  The postmark date of the Claim Form mailed by the Settlement Administrator to the Class Employee, and the postmark date or the email timestamp of the Claim Form mailed or emailed by the Class Employee to the Class Administrator shall be deemed the exclusive means for determining whether a Class Employee timely submitted his/her Claim Form.  In the event that there is no postmark date of the Claim Form being mailed by the Class Employee to the Class Administrator, it shall be presumed that the Claim Form was mailed three (3) days prior the Class Administrator's receipt of the Claim Form, excluding any Sunday or other day for which no postal service was provided.

4.      Pennsylvania Wage Class Opt-Out

a.      Any Pennsylvania Wage Class member may request exclusion from the Settlement Class by "opting out," unless he or she becomes a Participating Class Member by submitting a Claim Form, in which case any opt-out request made by such Participating Class Member shall be deemed null and void.  Pennsylvania Wage Class members who choose to opt-out of the Settlement Class must mail a written, signed statement to the Settlement Administrator stating that he or she is opting out of the Settlement ("Opt-Out Statement").  The Opt-Out Statement must contain the name, address and telephone number of the Class Employee to be valid.  It must also contain the words "I elect to exclude myself from the settlement in *Paraham v.*

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

*La Colombe* " in order to be valid.  To be effective, such Opt-Out Statements must also be sent via First Class United States mail and postmarked within sixty (60) days from the mailing of the Notice to the Pennsylvania Wage Class member.  The Notice of Proposed Class and Collective Action Lawsuit and Fairness Hearing mailed to the Pennsylvania Wage Class member will specify a date certain by which Pennsylvania Wage Class members must submit any Opt-Out Statement.

b.      If a Pennsylvania Wage Class member submits a deficient Opt-Out Statement, the Settlement Administrator shall notify the Pennsylvania Wage Class member of the deficiency within five (5) business days of receipt.  The Pennsylvania Wage Class member shall have fourteen (14) days thereafter to cure said deficiencies, at which point his or her attempted opt-out will be rejected if not received.  Pennsylvania Wage Class members submitting untimely or deficient Opt-Out Statements shall be bound by the Settlement and its release of claims, but will not be considered Class Members for settlement distribution purposes.  If a Pennsylvania Wage Class member submits both a Claim Form and an Opt-Out Statement, the Claim Form will control and the Pennsylvania Wage Class member will be considered a Participating Class Member.

c.      Plaintiffs and Opt-In Plaintiffs shall not opt out of the Settlement.

5.      Issuance of the Payments under This Agreement.

a.      Within fourteen (14) days of the date Defendant fund the QSF with the Maximum Settlement Fund, the Settlement Administrator shall issue (i) Settlement Checks allocated from the Net Settlement Fund in accordance with Paragraph III.A to Class Members; (ii) a wire transfer in the amount of any Court-approved attorneys' fees and costs to Class Counsel; and (iii) a check in the amount of any Court-approved Service Payments to Named Plaintiff.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

b.     Unclaimed Funds shall remain the property of the Defendant and, if the Defendant have paid such amounts to the Settlement Administrator, such amounts shall be returned to the Defendant by the Settlement Administrator.

c.     Class Members will have ninety (90) days after each check date to redeem their settlement payments. If Class Members do not redeem their settlement payment checks within the ninety (90) day period, their Settlement Checks (the "Unclaimed Checks") will be void and a stop-payment will be placed. In such event, the amounts associated with the Unclaimed Checks shall be deemed Unclaimed Funds. Rather than being returned to the Defendant, the Unclaimed Funds shall be distributed by the Settlement Administrator to Philabundance (https://www.philabundance.org), a nonprofit organization selected by the Parties as the *cy pres* beneficiary. Class Members who do not redeem their Settlement Checks shall remain bound by this Agreement and the applicable release in Section III.E. This Agreement and the associated Final Order and Judgment do not and will not create any unpaid residue or unpaid residual with respect to the Unclaimed Funds, and no further distribution shall be required. The provisions of any unclaimed property statute or law do not apply to this action or this Agreement. The outcome of any proceeding related to the distribution of amounts associated with Unclaimed Checks shall not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion.

d.     Named Plaintiff, Opt-In Plaintiffs and the Class Members shall remain bound by this Agreement, their respective Releases, and the Final Order Approving Settlement, notwithstanding any failure to cash or deposit any Settlement Check issued pursuant to this Paragraph.

C.     <u>Untimely, Deficient, or Disputed Claims.</u>

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

1. The Settlement Administrator shall promptly advise counsel for the Parties of any Class Employees who file late or deficient claims, any Class Members who dispute their allocation based on the settlement formula, or who have come forward as individuals who were not identified as Class Employees but who seek to participate. The Defendant' personnel records reflecting dates a Class Member worked during the covered period and whether they are subject to an arbitration agreement are presumed to be correct unless that individual submits documents and the Settlement Administrator determines that those documents provide otherwise. The Defendant shall decide in their reasonable discretion whether individuals with late, deficient or disputed claims or any others may participate in the Settlement, and whether their allocation based on the settlement formula should be corrected (if applicable). In the case of late or deficient claims submitted by Class Members, or claims by individuals who were not included in the Contact Information, if any such claims are accepted, such individuals shall be considered Class Members for all purposes under this Agreement. Once settlement funds no longer remain to accept additional claims or adjust allocations, no further claims shall be accepted, or changes to allocations made. In no event shall the acceptance of any Claim Forms or changes to allocations in accordance with this Section result in the Defendant being required to pay more than the Maximum Settlement Fund.

  D. <u>Tax Treatment of Settlement Checks.</u>

1. For tax purposes, 50% of each Settlement Check for damages associated with the wage and hour claims (i.e., payments to members of the FLSA Collective and Pennsylvania Wage Law Class) shall be treated as back wages, and the other 50% of each Settlement Check shall be treated as interest, any applicable penalties, liquidated damages and other non-wage relief.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

2.      Payments treated as back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and other appropriate taxing authorities (together with the IRS, the "Taxing Authorities") and the payee under the payee's name and Social Security number on an IRS Form W-2. The employee portion of all applicable income and payroll taxes will be the sole responsibility of the individual Class Member, and shall come out of the Net Settlement Amount. However, payments treated as back wages shall not be made net of any Employer Payroll Taxes, which shall be paid by the Defendant independent of and in addition to the Maximum Settlement Fund.

3.      Payments treated as interest or liquidated damages shall be made without withholding and shall be reported to the Taxing Authorities and the payee, to the extent required by law, under the payee's name and Social Security number on an IRS Form 1099.

4.      The Settlement Administrator shall be responsible for determining the appropriate number of exemptions to be used in calculating payroll tax and withholding, deciding the appropriate tax rate, and issuing IRS Forms W-2 and Forms 1099 as appropriate.

E.      <u>Tax Treatment of Attorneys' Fees.</u> Within seven (7) days following Final Approval, Class Counsel shall provide the Settlement Administrator with a duly completed IRS Form W-9. The payments provided by Paragraph III.D shall be considered attorneys' fees and reported on behalf of Class Counsel to the Taxing Authorities on a Form 1099 issued to Class Counsel by the Settlement Administrator, provided the Settlement Administrator has timely received a duly completed Form W-9 from Class Counsel.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

F.      Tax Treatment of Service Payment. The Service Payment paid to Named Plaintiff under this Agreement shall be reported as non-wage income to the Taxing Authorities on a Form 1099 issued to Named Plaintiff by the Settlement Administrator.

G.      Responsibility for Taxes.

1.      The Defendant are only responsible for the Employer Payroll Taxes arising from the payments under this Agreement. In the event that it is determined by the Taxing Authorities that Class Counsel, Named Plaintiff, or any Class Member owes any additional taxes with respect to any attorneys' fees or costs, any Service Payments, or any Settlement Check distributed under this Agreement, it is expressly agreed that the determination of any tax liability is between Class Counsel, Named Plaintiff, or the Class Members and the Tax Authorities, and that Defendant will not be responsible for the payment of such taxes, including any interest and penalties.

2.      Class Counsel, Counsel for the Defendant, and Defendant make no representations, and it is understood and Named Plaintiff agree on behalf of Class Members, that Class Counsel, Counsel for the Defendant, and Defendant have made no representations, as to the taxability of any portions of the Settlement Check to Named Plaintiff or any Class Member, the payment of any costs or award of attorneys' fees to Class Counsel, or any Service Payment to Named Plaintiff. The Proposed Settlement Notice will advise Class Employees to seek their own tax advice prior to acting in response to the Notices. Neither Class Counsel nor Counsel for the Defendant intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

3.      Named Plaintiff or any Class Member agree to indemnify and hold harmless Defendant and Released Parties for any taxes, penalties, interest, or other amounts due or owing

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

by Defendant for any taxes due or owed by Named Plaintiff or any Class Member on any portion(s) of the Settlement Check to any Named Plaintiff or any Class Member, or any Service Payments to Named Plaintiff.  Other than as set forth above, and as required by law, Defendant and the Settlement Administrator will not make from the payment to Named Plaintiff or any Class Member any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Final Judgment shall be deemed authority not to make such deductions, withholdings, or additional payments. Any amount paid to Named Plaintiff or any Class Member shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by Defendant.

  H. <u>Other Responsibilities of the Settlement Administrator.</u>

   1. The Settlement Administrator shall provide periodic updates to Class Counsel and Counsel for Defendant regarding Class Employee objections.

   2. The Settlement Administrator will create the following for purposes of communicating with Class Employees: toll free telephone number, email address, P.O. Box, and website.  The Settlement Administrator shall keep a log of all communications with any Class Employees, and shall be responsible for responding to inquiries about the settlement. In the event any Class Employee requests to speak to Class Counsel or has a question that seeks legal advice about the settlement, the Settlement Administrator shall provide that person with Class Counsel's contact information, including telephone number, email address, and mailing address. The Settlement Administrator shall forward all other unresolved questions or issues in writing to Class Counsel and Counsel for Defendant, who will work jointly to attempt to provide a resolution.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

3.    In communications to Class Employees, the Settlement Administrator and the Parties will cooperate to facilitate the purposes of the settlement.

## V.    NON-ADMISSION OF LIABILITY

This Agreement shall not in any way be construed as an admission by any Settling Entity that it has acted wrongfully with respect to Named Plaintiff, Opt-In Plaintiffs, Class Employees, or to any other person, collectively or individually, and Defendant specifically disclaim any liability to or wrongful acts against Named Plaintiff, Opt-In Plaintiffs, Class Employees, or any other person, on the part of the Defendant or the Released Parties. Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Litigation or any other matters released in this Agreement. Accordingly, the Parties agree that none of them has prevailed on the merits; nor shall this Agreement serve or be construed as evidence that (1) any party has so prevailed; (2) Defendant or the Released Parties have engaged in any wrongdoing; or (3) any claims may or should proceed on a class or collective action basis against any of the Defendant or the Released Parties. Nothing in this provision shall prevent the Parties from bringing an action to enforce the terms of this Agreement.

## VI.    RELEASE OF FEES AND COSTS

Named Plaintiff, Opt-In Plaintiffs, and Class Counsel understand and agree that any fee payments made under Paragraph III.D of this Agreement will be the full, final, and complete payment by Defendant of all attorneys' fees and costs arising from or relating to the representation of Named Plaintiff, Opt-In Plaintiffs, the Class Members or any other attorneys' fees and costs associated with the investigation, discovery, or prosecution of the Litigation against Defendant. As an inducement to Defendant to enter into this Agreement, and as a material condition thereof, Named Plaintiff, Opt-In Plaintiffs, and Class Counsel hereby irrevocably and unconditionally

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

release, acquit, and forever discharge any claim they may have against the Released Parties for attorneys' fees or costs arising from or relating to the individuals and matters identified in this Paragraph. As a further inducement to Defendant to enter into this Agreement, and as a material condition thereof, Named Plaintiff, Opt-In Plaintiffs, and Class Counsel further understand and agree that the fee and cost payments made pursuant to Paragraph III.D of this Agreement will be the full, final, and complete payment of all attorneys' fees and costs that are released, acquitted, or discharged under this Paragraph. As further inducement to Defendant to enter into this Agreement, and as a material condition thereof, Named Plaintiff, Opt-In Plaintiffs and Class Counsel warrant and represent that they will not, nor will any of their employees, agents, or representatives of their firms, file any claims for attorneys' fees or costs against the Released Parties, including, but not limited to, bills of costs or requests for attorneys' fees, arising out of the Litigation, and Named Plaintiff and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge the Released Parties of any liability for such fees or costs. Furthermore, Named Plaintiff, Opt-In Plaintiffs, and Class Counsel represent and warrant that they are not aware of any attorney, other than Class Counsel, who has any attorney's fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Litigation, and that the terms of this Agreement shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Litigation.

## VII.    USE AND RETURN OF DOCUMENTS

Named Plaintiff, Opt-In Plaintiffs, and Class Counsel agree to return or destroy all documents and materials designed as "Confidential" and those produced in conjunction with the Parties' mediation or other settlement negotiations in the matter.  All originals, copies, and summaries of documents, presentations, and data provided to Class Counsel by Defendant in

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

connection with the mediation or other settlement negotiations in this matter, including e-mail attachments containing such materials, may be used only with respect to this settlement, or any dispute between Class Members and Class Counsel regarding the settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule.

## VIII.   LIMITED CONFIDENTIALITY

Named Plaintiff and Class Counsel agree not to, directly or indirectly (1) issue or cause to be issued any statements to the media or press; (2) hold a press conference; or (3) engage in any publicity regarding the Parties' negotiations, the settlement, this Agreement, whether orally, on a website, on any social media application or platform, in email correspondence, by name, or by reference.   Named Plaintiff and Class Counsel agree not to respond to any press inquiries concerning the settlement except to refer reporters to the papers filed with the U.S. District Court for the Eastern District of Pennsylvania. Notwithstanding the foregoing, Class Counsel may engage in direct communications with Class Employees about their rights and obligations under this Agreement.

## IX.   COURT RETAINS JURISDICTION TO ENFORCE AGREEMENT

The Parties shall request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement. This retention of jurisdiction encompasses any disagreement among the Parties concerning the final forms of the Notices or other documents necessary to implement this Agreement, and all other disputes regarding the Agreement and its implementation, and requires that any action to enforce this Agreement shall be commenced and maintained only in this Court.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

## X.    GOVERNING LAW

This Agreement shall be interpreted, enforced, and governed in all respects by the laws of the Commonwealth of Pennsylvania, without regard to its conflict of laws principles. Any legal action, proceeding, or motion concerning the enforcement, interpretation, or administration of this Agreement shall be brought exclusively before the United States District Court for the Eastern District of Pennsylvania, which shall retain jurisdiction for such purposes.

## XI.    COOPERATION CLAUSE

The Parties agree to cooperate to effectuate the settlement of the Litigation, including securing the Court's approval of the Agreement, assisting with the administration of the settlement in accordance with the terms of this Agreement, and obtaining a final dismissal. The Parties further agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the terms and conditions of the Agreement, including but not limited to obtaining the dismissal, transfer to the Court, or stay of any pending or subsequently-filed class or collective action lawsuit that alleges any of the claims covered by the Releases herein.

## XII.    ASSIGNMENTS

Named Plaintiff, Opt-In Plaintiffs, and Class Counsel represent that they have not assigned or transferred, or purported to assign or transfer, to any person or entity any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

## XIII.    NO REPRESENTATIONS FROM DEFENDANT

Named Plaintiff, Opt-In Plaintiffs, and Class Counsel represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

statement made by Defendant or by any of its agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement.

## XIV.   RIGHT TO WITHDRAW

Defendant shall have the right to withdraw from, and void *ab initio*, this Agreement at any time prior to the Effective Date upon the occurrence of any one of the following events: (i) Defendant are required to pay more than Maximum Settlement Fund, plus the Employer Payroll Taxes; (ii) more than 10 percent of the Pennsylvania Wage Law Class opts out in the manner prescribed by Section IV.B.4 of this Agreement; or (iii) the Court otherwise issues an Order inconsistent with any of the terms of this Agreement.

## XV.   BINDING AGREEMENT

This Agreement shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of Defendant and to their respective heirs, administrators, representatives, executors, successors, and assigns.

## XVI.   ARM'S LENGTH TRANSACTION; MATERIALITY OF TERMS

The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

## XVII.  SEVERABILITY

Should any clause, sentence, provision, Paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, Paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

## XVIII. WAIVERS, ETC. TO BE IN WRITING

No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's Preliminary or Final Approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

## XIX.  CAPTIONS

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

## XX.   CONSTRUCTION

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

## XXI.  SOLE AND ENTIRE AGREEMENT

This Agreement, including Exhibits A through E and attached hereto, set forth the entire agreement between the Parties hereto. This Agreement fully supersedes any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof. This Agreement may only be modified in writing.

## XXII.  EXTENSIONS OF TIME

If any deadlines related to this Agreement cannot be met, Class Counsel and Counsel for Defendant shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Agreement. In the event that the Parties fail to reach such agreement, any of the Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Agreement.

## XXIII. FACSIMILE/ELECTRONIC SIGNATURES

Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

## XXIV. THIRD PARTY BENEFICIARIES

The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto; but this Agreement is not designed to and does not create any third party beneficiaries other than third parties that are identified as Released Parties as defined in Paragraph I.FF.

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

## XXV.  COUNTERPARTS

This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f

**NAMED PLAINTIFF:**

DATED: 06 / 03 / 2025                    By: _____
                                             Christopher Paraham


**DEFENDANT:**

DATED: 6/4/2025                          By: _____
                                             On Behalf of LCT OpCo LLC.
                                             Shari Eaton
                                             Chief People Officer

**CLASS COUNSEL AS TO FORM
AND CONTENT:**

DATED: 6/3/25                            BROWN, LLC

                                         By: _____
                                             Nicholas Conlon

- 38 -

Doc ID: 0b8cdfd246b33e9cab36603b7efd43589a95143f